UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:25-cv-80138-AMC

Joe Giron,

        Plaintiff,

    v.

Consequence Sound LLC,

        Defendant.

_____/

**JOINT SCHEDULING REPORT**

Plaintiff, Joe Giron ("Plaintiff"), and Defendant, Consequence Sound LLC ("Defendant" and collectively with Plaintiff, the "Parties"), pursuant to this Court's Order dated April 24, 2025 [DE 8], hereby submit this Joint Scheduling Report. The undersigned counsels certify that counsel for the Parties conferred on April 30, 2025, regarding the issues contained herein. A Joint Proposed Scheduling Order is submitted simultaneously with this Joint Scheduling Report.

1. **DESIGNATION OF CASE TRACK PER LOCAL RULE 16.1(a)(2):**

The Parties agree that this case should be assigned to the Standard Track. The Parties anticipate at this time that 2 to 3 trial days will be sufficient for the trial.

2. **REPORT OF THE PARTIES' CONFERENCE PURSUANT TO LOCAL RULE 16.1(b)(2):**
   A. **The Likelihood of Settlement:**

At this time, the Parties have engaged in preliminary settlement discussions, but a settlement of this case has not been reached. The Parties will continue to discuss settlement and will immediately inform the Court if a settlement is reached.

    B. **Likelihood of Appearance of Additional Parties:**

The Parties do not anticipate any additional parties appearing at this time. Should the need to join additional parties arise, the parties will properly address those issues with the Court within the timelines prescribed by the Court.

**C. Proposed Time Limits:**

| | | |
|---|---|---|
| 1. | Selection of a mediator and scheduling of a time, date, and place for mediation | **July 25, 2025** |
| 2. | Joinder of any additional parties and filing of motions to amend the pleadings by | **August 8, 2025** |
| 3. | Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **November 14, 2025** |
| 4. | Parties shall exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **December 12, 2025** |
| 5. | Fact and Expert discovery shall be completed by | **January 16, 2026** |
| 6. | Mediation shall be completed by | **March 20, 2026** |
| 7. | Dispositive motions, including those regarding summary judgment and *Daubert,* shall be filed by | **April 17, 2026** |
| 8. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **August 14, 2026** |
| 9. | Pre-trial conference | **August 25, 2026** |
| 10. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | **September 18, 2026** |
| 11. | Calendar Call | **September 24, 2026** |
| 12. | Trial | **October 5, 2026** |

D. **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment:**

The Parties do not have any proposals for the formulation and simplification of any issues at this time. As the case progresses, the Parties will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case. As set forth in the Joint Proposed Scheduling Order, the Parties propose that all motions for summary judgment be filed by April 13, 2026. The Parties agree that each party shall have the right to submit one motion for summary judgment per side.

E. **Necessity of Amendments to the Pleadings:**

If necessary, the Parties will amend their pleadings in accordance with the Federal Rules of Civil Procedure and the dates set forth in the attached Joint Proposed Scheduling Order.

F. **Possibility of Obtaining Admissions of Fact and Documents:**

The Parties anticipate that there will be stipulations regarding the admissibility of evidence and the authenticity of documents. As discovery progresses, the Parties expect to serve interrogatories and requests for admissions that seek to avoid unnecessary proof. At this time, the Parties are unaware of any need for advance rulings from the Court on the admissibility of evidence.

G. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:**

None at this time. As discovery progresses, the Parties will engage in good faith efforts to avoid unnecessary proof and cumulative evidence through admissions, stipulations and other means.

H. **Suggestions Advisability of Referring Matters to a Magistrate Judge or Master:**

The Parties agree to refer motions concerning discovery related matters to the Magistrate Judge, but do not consent to jurisdiction by the Magistrate Judge for motions concerning any other matter.

**I. Preliminary Estimate of Time for Trial:**

This case is a jury trial case. The Parties believe that this case should take 2-3 days for trial.

**J. Requested Dates for Conferences Before Trial, Pre-Trial Conference, and Trial:**

Requested conference dates are set forth in the Joint Proposed Scheduling Order.

**K. Any Issues About (i) Disclosure, Discovery or Preservation of Electronically Stored Information, including the Form or Forms in Which it Should Be Produced; (ii) Claims of Privilege or of Protection as Trial-Preparation Materials; And (iii) When the Parties Have Agreed to Use the ESI Checklist:**

   i. **Disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

   a) The Parties agree that all written discovery requests and responses may be served by email to counsel of record for each other Party and are to be considered served when sent.

   b) The Parties agree to exchange their Rule 26 Initial Disclosures by May 15, 2025.

   c) Discovery of electronically stored information ("ESI") shall be limited to data reasonably available to the Parties in the ordinary course and scope of business and for the relevant time period. Further, the Parties agree that only information which is relevant, reasonably proportioned to the needs of this case and that is otherwise information that is deemed discoverable and not burdensome to the producing party will be subject to such discovery.

    d) The Parties will confer regarding the use of appropriate search terms in order to conduct custodian-based searches of ESI for an agreed upon period of time.

    e) The Parties agree that designations of deposition testimony and objections to such designations shall be made in accordance with Federal Rule of Civil Procedure 26(a)(3) unless the Court orders otherwise.

  **ii. Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under federal rule of evidence 502:**

The Parties agree that issues that may arise regarding claims of privilege will be addressed in response to specific discovery items. The Parties will negotiate in good faith an agreed protective order to address issues of privilege including "clawback" procedures for if and when the need arises. Generally, the Parties agree that the procedures outlined in Fed. R. of Civ. P. 26(b)(5) and Fed. R. Evid. 502(b) provide an adequate framework for addressing issues of privilege and inadvertent disclosure.

  **iii. When the parties have agreed to use the ESI checklist available on the court's website, matters enumerated on the ESI checklist:**

Pursuant to the above, the parties do not see the need at this time to utilize the ESI Checklist. Should the need arise at a later date, the Parties will work together to agree to the ESI Checklist.

**L. Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

At this time, the parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

Dated: May 2, 2025                                          Respectfully submitted,

| | |
|---|---|
| **MAURO LAW, P.A.** | **SANDERS LAW GROUP** |
| By: */s/C. Cory Mauro* | By:    */s/ Marian V. Quintero* |
| C. Cory Mauro, Esq. | Marian V. Quintero, Esq. |
| Florida Bar No. 384739 | Florida Bar No. 1040194 |
| 1001 Yamato Road, Suite 401 | Email: mquintero@sanderslaw.group |
| Boca Raton, FL 33431 | Craig Sanders, Esq. |
| Tel: (561) 202-1992 | Florida Bar No. 985786 |
| Email: cory@maurolawfirm.com | Email: csanders@sanderslaw.group |
| | 333 Earle Ovington Blvd, Suite 402 |
|            and | Uniondale, NY 11553 |
| | Tel: (516) 203-7600 |
| **DUFF LAW PLLC** | |
| | *Attorney for Plaintiff* |
| Anderson J. Duff (*pro hac vice* to be filed) | |
| 353 Ocean Avenue Ste. 4E | |
| New York, New York | |
| Tel: (646) 450-3607 | |
| Email: ajd@hoganduff.com | |

*Attorneys for Defendant*